UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| MARY POWERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: _____ |
| | ) | (removed from Circuit Court for the City |
| DAVOL, INC. and C.R. BARD, | ) | of Norfolk, Case No. CL18-9602) |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendants Davol Inc. and C. R. Bard, Inc. (collectively "Bard") hereby remove this Action from the Circuit Court for the City of Norfolk, Virginia, to the United States District Court for the Eastern District of Virginia, based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441(a), and 1446(b).  In support of removal, Bard states as follows:

## I.    Procedural Background and Relevant Facts.

1.    On November 1, 2018, Plaintiff commenced this civil action in the Circuit Court for the City of Norfolk, Virginia by filing a Complaint captioned *Mary Powers v. Davol, Inc. and C. R. Bard, Inc.*, CL18-9602 (the "State Court Action").

2.    In the Complaint,[1] Plaintiff alleges that Bard manufactured and sold a medical device, the "Mesh Perfix Plug," that was surgically implanted into Plaintiff on April 27,

---

[1]    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Bard, which papers include the Complaint, are attached as separate documents.  *See* Exhibit 1 (Notice of Service of Process), Exhibit 2 (Affidavit for Service of Process), Exhibit 3 (Complaint), and Exhibit 4 (Non-Residence Grounds Requirement).

2017.  *See* Compl. ¶¶ 2, 3, 7.  Plaintiff further alleges "on or about November 3, 2016[2], the plaintiff underwent an additional surgery to remove the Mesh Perfix Plug that had become embedded in the abdominal wall causing plaintiff severe pain and discomfort.  The plaintiff was severely and permanently injured."  *Id.* ¶ 10.

3.      Plaintiff asserts product-liability claims against Bard under negligence, strict liability, warranty, and fraud.

**II.      <u>The Notice of Removal Is Timely</u>.**

4.      On December 20, 2018, Bard received the executed summons in the State Court Action.  This Notice of Removal is filed within 30 days of the date that Bard was served with a copy of the initial pleading setting forth a claim for relief upon which this action is based.  *See* 28 U.S.C. § 1446(b).  Accordingly, the removal of this action is timely.

**III.      <u>Complete Diversity of Citizenship Exists</u>.**

5.      Removal of this case is warranted under 28 U.S.C. § 1441(b) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a).

6.      Plaintiff is, and was at the time of filing this action, a Virginia citizen, as alleged in the Complaint.  *See* Compl. ¶ 1.  Accordingly, Plaintiff is a Virginia citizen for purposes of determining diversity of citizenship.

7.      C. R. Bard, Inc. is, and was at the time of this action's filing, a New Jersey corporation with its principal place of business in the State of New Jersey.  *See id.* ¶ 2. Therefore, Bard is a citizen of New Jersey for purposes of determining diversity of

---

[2]It appears there is a typographical error in the dates in Plaintiff's Complaint, as the product is alleged to be implanted in 2017, yet removed in 2016.  For purposes of this removal, this factual error is inconsequential.

citizenship.  *See* 28 U.S.C. § 1332(c).

8.     Davol Inc. is, and was at the time of this action's filing, a Delaware corporation with its principal place of business in the State of Rhode Island.  *See* Compl. ¶ 3. Therefore, Bard is a citizen of Delaware and Rhode Island for purposes of determining diversity of citizenship.  *See* 28 U.S.C. § 1332(c).

9.     Thus, there is complete diversity of citizenship between Plaintiff and Bard. *See generally Ware v. Jolly Roger Rides, Inc.,* 857 F.Supp. 462, 463 (D. Md. 1994) (party establishes diversity by showing that parties are not citizens of the same state).

IV.       **The Amount in Controversy Is Met.**

10.     Only a simple pleading that asserts a "plausible allegation" is necessary to show that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014).   Once made, a defendant's allegations are presumed correct.  *See id.*

11.     Here, the amount-in-controversy for diversity jurisdiction is satisfied because it is clear from the face of Plaintiff's Complaint that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).  First, the Complaint seeks damages "for the sum of TWENTY MILLION DOLLARS."  *See* Compl., wherefore clause. "Generally, the amount specified will determine whether the jurisdictional amount is satisfied for the purposes of removal."  *Bartinikowski v. NVR, Inc*., 307 Fed. Appx. 730, 734 (4th Cir. 2009) (citing *Wiggins v. N. Am. Equitable Life Assurance Co.,* 644 F. 2d 1014, 1016 (4th Cir. 1981)).  *See also Kenny v. Bank of Am., N.A.,* 2011 U.S. Dist. LEXIS 139168, *5 (E.D. Va. December 5, 2011) (finding the amount in controversy satisfied when

the Plaintiff "requests well over $75,000 in damages.").

12.     Second, the allegations make it clear that the amount in controversy exceeds the jurisdictional threshold.  For example, in *Schwenk v. Cobra Mfg. Co*, 322 F. Supp. 2d 626, (E.D. Va. 2004), the Eastern District of Virginia held that the Plaintiff's allegations that he suffered injury that "caused and will continue to cause and will in the future cause great physical pain, mental anguish and inconvenience; have required the plaintiff to expend large sums of money for medical expenses and will require him to incur medical expenses in the future; have resulted in lost earnings . . . and loss of earnings and lessening of earning capacity" satisfied the jurisdictional amount.  *See also, e.g., Marchese v. JPMorgan Chase Bank, N.A.*, 917 F. Supp. 2d 452, 461 (D. Md. 2013) (citing *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253–54 (5th Cir. 1998)); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (holding that the amount in controversy is met where it is "facially apparent" from the complaint that the jurisdictional minimum is exceeded).  In conducting this analysis, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. America, Inc*., 613 F.3d 1058, 1062 (11th Cir. 2010).

13.     Here, Plaintiff alleges multiple adverse events after the medical device's implantation, including "severe pain and discomfort" and "an additional surgery to remove the Mesh Perfix Plug."  Compl. ¶¶ 10.  Plaintiff alleges that "these injuries . . . have caused and will in the future cause great physical pain, mental anguish, and inconvenience, have required the plaintiff to expend large sums of money for medical expenses and may reasonably require medical expenses in the future and have resulted in lost earrings for being

unable to work. *See id.* ¶ 11.

14. Federal courts involving similar Bard products and allegations have found that the amount in controversy for diversity jurisdiction has been met. *See Fiebig v. Davol Inc.,* No. 3:14-cv-01954 (N.D. Tex. filed June 16, 2014) (product liability case regarding Ventrio hernia patch and alleging damages in excess of amount-in-controversy for federal diversity jurisdiction); *Burge v. Davol Inc.*, No. 1: 07-CV-06885 (N.D. Ill. filed Dec. 6, 2007) (Kugel mesh patch case seeking damages in excess of amount required by 28 U.S.C. § 1332); *Terrell v. Davol Inc.*, No. 2:13-cv-05074 (E.D. Pa. filed Aug. 28, 2013) (Marlex Mesh case alleging damages in excess of amount in-controversy for federal diversity jurisdiction). *See also In re Rezulin Prods. Liab. Litig.,* 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (holding the amount in controversy to be satisfied where plaintiffs alleged economic loss, medical and health expenses, and claimed serious medical conditions).

15. Therefore, in light of the alleged severity of the injuries set forth in the Complaint, and the claimed damages for past and future non-economic and economic losses, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs, and Bard sufficiently alleges the basis for diversity jurisdiction at the notice-of-removal stage. *See Dart*, 135 S. Ct. at 553.

## V.    The Removal Is Otherwise Proper.

16. Venue is proper because the Circuit Court for the City of Norfolk, Virginia is located within the United States District Court for the Eastern District of Virginia, Norfolk Division. 28 U.S.C. § 100(2). Venue is therefore proper in this Court because it is "the district and division embracing the place where such action is pending." 28 U.S.C. §

1441(a).

17.     As required by 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being served upon counsel for Plaintiff and Bard is filing a copy of this Notice of Removal with the Clerk of Court for the Circuit Court for the City of Norfolk, Virginia.  A copy of the Notice of Filing Notice of Removal is attached as Exhibit 5.

WHEREFORE, Defendants Davol Inc. and C. R. Bard, Inc., pursuant to 28 U.S.C. § 1441, respectfully remove this action from the Circuit Court for the City of Norfolk, Virginia, to the United States District Court for the Eastern District of Virginia.

Dated:  January 2, 2019                          Respectfully submitted,

                                                                    */s/ Alison Wickizer Toepp*
                                                                    Alison Wickizer Toepp (VSB # 75564)
                                                                    REED SMITH LLP
                                                                    Riverfront Plaza—West Tower
                                                                    901 E. Byrd Street, Suite 1900
                                                                    Richmond, Virginia 23219
                                                                    Telephone:  (804) 344-3400
                                                                    Facsimile:  (804) 344-3410
                                                                    atoepp@reedsmith.com

                                                                    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this January 2, 2019, a true and correct copy of the foregoing

was served by U.S. Mail, first class mail, postage prepaid, to the following:

> William D. Breit, Esquire
> Breit Law PC
> 5544 Greenwich Road, Suite 100
> Virginia Beach, VA 23462
> *Counsel for Plaintiff*

> */s/ Alison Wickizer Toepp*
> Alison Wickizer Toepp (VSB # 75564)
> REED SMITH LLP
> Riverfront Plaza—West Tower
> 901 E. Byrd Street, Suite 1900
> Richmond, Virginia 23219
> Telephone:  (804) 344-3400
> Facsimile:  (804) 344-3410
> atoepp@reedsmith.com
>
> *Attorneys for Defendants*